GREENBERG TRAURIG, LLP
Adam M. Starr (SBN 222440)
Kevin P. Garland (SBN 270943)
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for the National Academy of Recording Arts &
Sciences, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>TONI BRAXTON, aka EVA WATERS, aka TONI MICHELLE, aka MICHELLE LEWIS, aka TONI LEWIS, dba BRAXTONI MUSIC,<br><br>Debtor.<br><br>In re<br><br>LIBERTY ENTERTAINMENT, INC.<br><br>Debtor. | Case No. 2:10-bk-51909-BR<br>Case No. 2:10-bk-51881-BR<br><br>Chapter 7<br><br>**LIMITED OBJECTION TO STIPULATION FOR COMPROMISE AND TRUSTEE'S MOTION TO APPROVE COMPROMISE RE PERSONAL PROPERTY PURSUANT TO F.R.B.P. 9019(a)**<br><br>Date: July 19, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 East Temple Street<br>Los Angeles, CA  90012 |

The National Academy of Recording Arts & Sciences, Inc. ("NARAS"), by and through its undersigned counsel, hereby submits its objection to the *Stipulation For Compromise And Trustee's Motion To Approve Compromise Re Personal Property Pursuant To F.R.B.P. 9019(a)* (the "Stipulation"). In support of this objection, NARAS respectfully submits as follows:

1.   By way of the Stipulation, David A. Gill, in his capacity as chapter 7 trustee, (the "Trustee"), has agreed to release any and all claims and interests of the estate in certain personal property of Ms. Braxton (listed and defined in the Stipulation as the "Subject Property") in exchange for

1
LIMITED OBJECTION

LA 129,702,330v1 7-5-11

payments over time from Ms. Braxton totaling $125,000 net of Ms. Braxton's claims of exemption in the Subject Property. Included within the Subject Property are six "GRAMMY®" awards presented to Ms. Braxton by NARAS (the "<u>Braxton Grammys</u>").

2.    For the reasons articulated in NARAS' Proof of Claim No. 15-1 (the "<u>Proof of Claim</u>")[1], by accepting the Braxton Grammys and executing certain acknowledgments, Ms. Braxton agreed that: (1) her right to possess the Braxton Grammys is expressly subject to, and limited by, the residual reversionary interest of NARAS upon any non-compliance with the rules and regulations applicable to the Braxton Grammys; and (2) that the Braxton Grammys are non-transferable, absent the express written consent of NARAS, which, to date, has not been provided. Paragraphs 9 and 10 of the Stipulation acknowledge this point and cite to the Proof of Claim in this regard.

3.    The Stipulation is noncommittal as to whether the Trustee disputes NARAS' position and believes the Braxton Grammys to be transferrable by way of a sale under Section 363 of the Bankruptcy Code absent the express written consent of NARAS.

4.    While NARAS has no objection to the Stipulation as a general matter, NARAS objects to paragraph 25 of the Stipulation to the extent that it could be construed as a finding by the Court that the Trustee has the ability to transfer the Braxton Grammys to a third party with NARAS' express written consent. Paragraph 25 provides remedy to the Trustee in the event that Ms. Braxton defaults and fails to cure under the Stipulation and states:

> 25.    <u>Remedy</u>. If for any reason Braxton defaults and fails to cure under paragraph 24 hereof, Braxton shall immediately turnover all of the Subject Property, and the ***Trustee shall have the right to take possession of and sell*** the Subject Property and retain the first $150,000 of the net sale proceeds after payment of all expenses of administration, including professional fees. (Emphasis supplied.)

Although the Stipulation is only between the Trustee and Ms. Braxton, an order approving the Stipulation (and thus the emphasized language) could be construed as a dispositive finding that the Trustee has the right to transfer the Braxton Grammys to a third party without NARAS' express written consent. NARAS suspects that such a construction was not the Trustee's intention but to dispel any

---

[1] A true and correct copy of the Proof of Claim is annexed hereto as Exhibit "1" and incorporated by reference.

LIMITED OBJECTION

ambiguity on this issue, NARAS requests that any order approving the Stipulation contain the following sentence:

> Nothing contained in paragraph 25 of the Stipulation or any other provision of the Stipulation shall constitute a finding by the Court that the Trustee can transfer the Grammys to a third party under Section 363 of the Bankruptcy Code or otherwise absent NARAS' express written consent and the rights of the respective parties are reserved.

### CONCLUSION

**WHEREFORE** NARAS respectfully requests, to the extent the Court enters an order approving the Stipulation, that the Court incorporate the language requested, *supra*, be incorporated into such order.

DATED: July 5, 2011                         GREENBERG TRAURIG, LLP

By: /s/ *Adam M. Starr*
    Adam M. Starr
    Kevin P. Garland

Attorneys for the National Academy of
Recording Arts & Sciences, Inc.

# EXHIBIT 1

**Proof of Claim**

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT **CENTRAL** DISTRICT OF **CALIFORNIA** | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Toni Braxton | Case Number: 2:10-bk-51909-BR |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
National Academy of Recording Arts & Sciences, Inc.

Name and address where notices should be sent:
c/o Adam M. Starr
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone number: 310-586-7700

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ _____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** SEE ATTACHMENT
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 2/8/2011 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]*<br>Ann Meckelborg, Senior Director, Contract Administration/Corp. Secretary | FOR COURT USE ONLY |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT TO PROOF OF CLAIM

I. **Basis for Claim**

1. The chapter 7 debtor herein, Toni Braxton (the "Ms. Braxton") has been the recipient of six "GRAMMY®" awards presented by the National Academy of Recording Arts & Sciences, Inc. ("NARAS"), as detailed below (collectively, the "Braxton Grammys"):

| Year | Nominated Work | Award |
|---|---|---|
| 1994 | Toni Braxton | Best New Artist |
| 1994 | "Another Sad Love Song" | Best Female R&B Vocal Performance |
| 1995 | "Breathe Again" | Best Female R&B Vocal Performance |
| 1997 | "Un-Break My Heart" | Best Female Pop Vocal Performance |
| 1997 | "You're Makin Me High" | Best Female R&B Vocal Performance |
| 2001 | "He Wasn't Man Enough" | Best Female R&B Vocal Performance |

NARAS hereby files this proof of claim to notify the Chapter 7 Trustee, Ms. Braxton, and other parties in interest on notice of NARAS' interest in, and rights with respect to, the Braxton Grammys.

2. On January 26, 2011, Ms. Braxton filed Amended Schedules which, among other things, amend Schedule B to include "music awards." It is unclear whether these "music awards" are intended to be inclusive of the Braxton Grammys.

3. Section 8.04 of the NARAS Constitution, as amended, provides that:

> Bestowal of any Annual Awards shall be conditional until the recipient thereof shall execute an acknowledgement of the terms and conditions under which such award was given, as such terms and conditions shall, from time to time, be promulgated by the National Trustees.

4. Further, NARAS is informed and believes, that at the time each of the Braxton Grammys were bestowed upon Ms. Braxton, each Braxton Grammy carried a sticker providing that:

> This GRAMMY® is the property of, and all rights therein (except for the rights of possession as hereafter set forth) are reserved by, the National Academy of Recording Arts & Sciences, Inc. The recipient's right of possession thereof is subject to compliance with all of the rules & regulations applicable to the GRAMMY® now or hereafter established by NARAS®, and non-compliance with such rules and regulations shall automatically result in a reversion of the rights of possession thereof to the National Academy of Recording Arts & Sciences, Inc.

5. NARAS is informed and believes, that at the time each of the Braxton Grammys were bestowed upon Ms. Braxton, each Braxton Grammy was accompanied by a card containing the following:

1

> This GRAMMY® is the property of, and all rights therein (except for the rights of possession as hereafter set forth) are reserved by, the National Academy of Recording Arts & Sciences, Inc. The recipient's right of possession thereof is subject to compliance with all of the rules & regulations applicable to the GRAMMY® now or hereafter established by NARAS®, and non-compliance with such rules and regulations shall automatically result in a reversion of the rights of possession thereof to the National Academy of Recording Arts & Sciences, Inc.
>
> Please note the following. Possession of the GRAMMY is given to the recipient on the condition that no reproduction thereof of use thereof—commercial or otherwise—other than the personal use for display in the home or office—be made without the express, written consent of the National Academy of Recording Arts & Sciences, Inc.
>
> The GRAMMY may not be sold, transferred, or assigned by the recipient without our expressed written consent. Such successor, in the event such consent is so given, and any person to whom the GRAMMY may be bequeathed, shall be bound by the same rules and regulations as if he/she were the original recipient thereof.
>
> Acceptance of this award signifies that you have read this and the adjacent proprietary notice, and agree to comply with both.

6. By accepting the Braxton Grammys and executing certain acknowledgments,[1] Ms. Braxton agreed that: (1) her right to possess the Braxton Grammys is expressly subject to, and limited by, the residual reversionary interest of NARAS upon any non-compliance with the rules and regulations applicable to the Braxton Grammys; and (2) that the Braxton Grammys are non-transferable, absent the express written consent of NARAS, which, to date, has not been provided.

7. The information contained in this Proof of Claim is based on the best information available to NARAS at the time of the filing of this Proof of Claim. NARAS reserves its right to amend this Proof of Claim and/or to file a supplement to this Proof of Claim. By filing this Proof of Claim, NARAS is not waiving, and expressly reserves, any rights it has or may have based on this Proof of Claim including, without limitation, any rights to assert that this Proof of Claim or any part of the Proof of Claim is an administrative claim or secured claim or to assert the Proof of Claim or any part of the Proof of Claim against third parties, or any other rights under the Bankruptcy Code and applicable non-bankruptcy law.

---

[1] Section 8.05 of the NARAS Constitution, as amended in 1974, provides that:

> All persons who heretofore have been recipients of "Grammy" awards from the National Academy, or any predecessor thereof, shall be bound by the terms of the [acknowledgement provided for in section 8.04 of the Constitution], and as a member of the National Academy shall be responsible for compliance with the terms of said agreement.

Thus, where a prior GRAMMY® winner subsequently wins another GRAMMY® and signs the acknowledgement of the residual reversionary interest of NARAS and the restriction on sale or transfer of the GRAMMY®, that acknowledgement shall apply equally to those previously-awarded GRAMMYS.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2450 Colorado Avenue, Suite 400E, Santa Monica, California  90404

A true and correct copy of the foregoing document described as LIMITED OBJECTION TO STIPULATION FOR COMPROMISE AND TRUSTEE'S MOTION TO APPROVE COMPROMISE RE PERSONAL PROPERTY PURSUANT TO F.R.B.P. 9019(a)  will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 5, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| Debra I Grassgreen | dgrassgreen@pszyjw.com |
| David A Gill | mlr@dgdk.com |
| Eric P Israel | eisrael@dgdk.com |
| Zev Shechtman | zshechtman@dgdk.com |
| Hatty K Yip | hatty.yip@usdoj.gov |
| Kenneth G Lau | kenneth.g.lau@usdoj.gov |

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On July 5, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Judge Barry Russell  (via mail)<br>United States Bankruptcy Court<br>255 East Temple Street, Suite 1660<br>Los Angeles, California  90012 | Tennessee Department of Revenue (via mail)<br>c/o Tennessee Attorney General Office-Bankruptcy Division<br>P o Box 20207<br>Nashville, Tennessee  37202-0207 |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 5, 2011 | Teresa M. Castelli | *Teresa M. Castelli* |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**9013-3.1.PROOF.SERVICE**

LA 129,701,103v1 7-1-11